IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Robert M. Ledford, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>United States of America; Internal )<br>Revenue Service, )<br>)<br>Respondents. )<br>) | Civil Action No. 7:06-57-GRA-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the Court on the motion of the respondents to dismiss the petition to quash IRS summonses. The motion will be considered as one for summary judgment.[1] By order filed January 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## **FACTS PRESENTED**

The respondent Internal Revenue Service ("IRS") is investigating the tax liability of the plaintiff for the years 1992 through 1995 and 2000 through 2004. (Harden Decl. ¶ 2.)

---

[1] Because the parties submitted, and the Court considered, matters outside of the petition, the respondents' motion has been treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."). The Federal Rules of Civil Procedure are generally applicable to proceedings such as a summons enforcement proceeding, unless otherwise provided by statute, or by the court pursuant to local rule or court order. Fed. R. Civ. P. 81(a)(3).

The Revenue Agent responsible for auditing the plaintiff's income tax liabilities for those years was Allan J. Harden. According to Harden, he issued IRS summonses to the following entities, requiring production of records pertaining to the plaintiff's liabilities for the relevant tax years: Arthur State Bank and Bank of America. (Harden Decl. ¶ 3, 6 Ex. A). According to Harden, the records sought by the summonses may be relevant to determine the correct tax liabilities of the petitioner. (Harden Decl. ¶ 13.) The petitioner was notified of the summonses on September 21, 2005. (Harden Decl. ¶ 5, 8, Ex. A.) On October 7, 2005, the petitioner filed a petition to quash the summonses. On December 6, 2005, the respondents moved to dismiss the petition.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the

motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Under this standard, however, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The petitioner alleges that the disputed summonses should be quashed because they are overly broad, unverified, unsigned, and in violation of the Right to Financial Privacy Act. The Court disagrees that the petitioner has advanced any evidence that would justify quashing the summonses.

To overcome the petitioner's request to quash, the respondents must show that the summonses have been (1) issued for a legitimate purpose; (2) seek information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfy all administrative steps required by the Internal Revenue Code. *See U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); *Alphin v. U.S.*, 809 F.2d 236, 238 (4th Cir. 1987).

The government's burden at this stage of the summary proceeding is a light one. *Hintze v. IRS*, 879 F.2d 121, 126 (4th Cir. 1989). Indeed, the IRS need only present "an

affidavit of an agent involved in the investigation averring the Powell good faith elements" in order to establish a *prima facie* case for enforcement of a civil summons. *Id*. (quoting *Alphin*, 809 F.2d at 238). If the government succeeds in establishing a *prima facie* case for enforcement, the burden shifts to the party challenging the summons. Unlike the slight burden shouldered by the government in its *prima facie* case, however, the burden on the challenging party is a very "heavy one." *Id*. at 126-27. The petitioner must "disprov[e] the actual existence of a valid civil tax determination or collection purpose." *Id*. at 126 (quoting *Alphin*, 809 F.2d at 238); *see also United States v. La Salle Nat'l Bank*, 437 U.S. 298, 316 (1978).

The affidavit of agent Harden establishes a *prima facie* case for enforcement (Harden Decl. ¶¶ 4, 7, 11-13.)  *See Alphin*, 809 F.2d at 238; *Henderson v. U.S.*, 778 F. Supp. 274, 276 (1991). Since a *prima facie* case is established, the burden shifts to the petitioner to show that the summonses should not be enforced.

The petitioner first asserts that the summonses are overly broad and, therefore, not issued for a legitimate purpose. Specifically, the petitioner contends that he, himself, is the "subject of the investigation" and, thus, summonses seeking information concerning Cheryl Ledford, Marcus Liberty Organization UBO, KMG Management, Inc., Walnut Farms and Nursery, and Breckenridge Trust are not for a legitimate purpose because those individuals and entities are not subjects of the investigation.

"[T]the threshold for determining relevance in a Section 7602 summons is a low one." *Id*. The United States Supreme Court has approved a minimal test for relevance - whether the data "might throw light" upon the correctness of a return. *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 & n.11 (1984). Moreover, the IRS has been granted broad authority under Section 7602. *See id*. at 816 (1984) (section 7602 gives IRS "expansive information-gathering authority"); *Hintze v. IRS*, 879 F.2d 121 (4th Cir. 1989).

4

The respondents have already put forward evidence of the requested information's relevance. (*See* Harden Decl. ¶ 13.) Further, the Court is unaware of any prohibition against the IRS requesting information concerning other individuals or entities different from the "subject of the investigation," when that information may have the effect of "throwing light" on the taxpayer who is, in fact, the subject of the investigation. The petitioner's bald allegation that this information is not relevant, is simply insufficient to withstand summary judgment. The petitioner must make a "particularized" showing of fact to refute the respondents evidence of relevance as to the requested information. *See U.S. v. No Name Video, Ltd.*, 1992 WL 295171, at *3 (4th Cir. Oct 19, 1992). He has failed to do so in any respect.

Therefore, judged from (1) the petitioner's failure to point to any particularized facts refuting the purpose of the summonses, (2) the "broad grant of authority to the IRS under Section 7602 and [3] the low threshold of relevance," the Court concludes that the summonses are relevant to the investigation of the potential tax liability of the petitioner. *No Name Video, Ltd.*, 1992 WL 295171, at *3.

The petitioner next asserts that the summonses do not meet the fourth element of the *Powell* standard, insofar as all of the administrative steps required by the Internal Revenue Code were not followed. Specifically, the petitioner contends that the summonses were neither signed nor verified. Failure to properly attest the summonses would be proper grounds to quash the summonses. *See Henderson*, 778 F. Supp. at 277-78.

Because the respondents have already produced Agent Harden's affidavit declaring that the summonses were properly executed and attested and that all administrative steps have been properly taken (Harden Decl. ¶ 4, 7, 12), the petitioner bears the burden of proving otherwise. This burden is a heavy one. *See Alphin*, 809 F.2d 238; *No Name Video*, 1992 WL 295171, at *4. The petitioner, however, has not produced any evidence in support of his claim that the summonses were not properly executed and attested. His

5

"mere allegations are insufficient to meet the burden of refuting the IRS's *prima facie* case." *No Name Video*, 1992 WL 295171, at *4 (citing *Hintze*, 879 F.2d at 128). The petitioner's brief in response and his petition are mere allegation of the IRS's failure to verify, attest, or otherwise properly execute the summonses. The petitioner has not even submitted copies of the disputed summonses. It is his burden to do so.[2] Accordingly, he has failed to demonstrate that the respondents have not satisfied the fourth *Powell* element.

Finally, although not completely clear to the Court, the petitioner appears to contend that for all the same reasons as discussed above, the summonses are violative of the Right to Financial Privacy Act. As the petitioner has failed to produce evidence of any deficiencies in the summonses, he cannot argue that such purported deficiencies are violative of any legislative enactment, much less the Right to Financial Privacy Act. The Court has reviewed the remainder of the petitioner's arguments in regards to the Act and find that they are unpersuasive.

After reviewing the record, the Court concludes that the petitioner has not offered any particularized facts to refute the IRS's prima *facie case* under *Powell*, as is his heavy burden to do. Therefore, the petition to quash should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the respondents' motion to dismiss should be GRANTED.

July 28, 2006
Greenville, South Carolina

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

---

[2] The petitioner also complains that the respondents must establish probable cause to "legitimize [the] investigation" and enforce the summons. The United States Supreme Court has expressly rejected this contention. *See Powell*, 379 U.S. 48, 52-57(1964).

6